## TAYLOE v. BROBST.

Constructive service, by publication, is not good, unless ordered by the court, after the return of the notice, "not found," to the appearance term of the court.

Where the defendant did not receive personal service, nor appear, in addition to the constructive service by publication, it should appear of record that a copy of the petition was directed to him through the post office, as required by the Code, § 1826.

*Appeal from Monroe District Court.*

*Opinion by* GREENE, J.   December 14, 1852, Joseph Brobst filed in the district court of Monroe county, his petition against John H. Taylor, to foreclose the equity of redemption to certain lands sold for the taxes of 1851.

The original notice was returned, "not found," on the 23d of the same month.   During the month of January following, notice of the proceeding was published in a weekly paper.   On the 8th of February, at the first term of court after the proceeding was commenced, it appears that the cause came on to be heard, and proof of publication by affidavit was made, and the court ruled that the defendant plead by the next morning.   The defendant failing to plead by that time, judgment was rendered against him by default, and a decree to close and bar the equity of redemption was granted.   Several objections are urged to the proceedings, on points of law which have been so often disposed of that we do not deem it necessary to consider them.   And it is only necessary to advert to those points in the case upon which the decision in this court must turn.

1. It appears that the original notice was not returned to the next term, and that the notice by publication was not

authorized by the court. It has been decided by this court in *Pinkney* v. *Pinkney* and in *Lot Two* v. *Swetland*, (a) that notice by publication cannot be considered good, unless authorized by the court after the return of the original notice to the appearance term therein designated.

The record in this case clearly shows that the court had not acquired legal jurisdiction over the person of the defendant.

2. The court rendered judgment by default, without requiring proof that a copy of the petition and notice had been directed through the post office to the defendant, as required by § 1826 of the Code. Such proof was essential to the exercise of jurisdiction over the defendant. In *Broghill* v. *Lash*, 3 G. Greene, 357, this court decided that where service of notice has been made by publication only, default should not be entered without proof that a copy of the petition and notice was directed to the defendant at his usual place of residence, or that his residence could not be ascertained ; and that such proof will not be presumed, but should appear of record.

This proof, in cases where there has been no personal service or appearance, is made an essential element of jurisdiction by the Code, § 1826, and therefore the court should require it before entering a rule or judgment of default against the defendant, and the record in such a case should show that this element of jurisdiction had been supplied. Where constructive service is made to take the place of actual personal notice or appearance, such service should not only be made apparent of record, but it should also appear that such service was made in substantial compliance with the Code. The record in the present case shows no such compliance. On the contrary, it shows that these essential requirements of the Code were not performed, and therefore shows *prima facie*, that the decree of foreclosure was *coram non judice*, and void. The cause will therefore be remanded to the district court, with the hope that that

(a) *Ante* pp. 324, 465.

court will acquire either actual or legal constructive juris-
diction over the person of the defendant, before rendering
any judgment or decree against him.

Decree reversed.

*J. E. Neal*, for appellant.

*A. W. Curtis* and *Wm. Loughridge*, for appellee.